IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR LEE SCHIEL,

      Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

No. CIV S-09-1416 FCD EFB

FINDINGS AND RECOMMENDATIONS

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Income Benefits ("DIB") under Title II of the Social Security Act. For the reasons discussed below, the court recommends that plaintiff's motion for summary judgment or remand be granted, that the Commissioner's cross-motion for summary judgment be denied, and that the case be remanded for further proceedings.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on January 2, 2000, with a protective filing date of December 21, 1999. Administrative Record ("AR") at 16. Plaintiff alleged disability since June 1, 1994, due to back and left shoulder injuries. *Id.*

////

////

1

On March 9, 2000, his application was denied at the initial level.[1] *Id.* Plaintiff filed a request for reconsideration on March 30, 2000. *Id.* On June 14, 2000, plaintiff's application was denied on reconsideration. *Id.* On June 30, 2000, plaintiff filed a request for a hearing. *Id.*

On September 20, 2001, a hearing was held before administrative law judge ("ALJ") Charles Reite. *Id.* On December 3, 2001, the ALJ denied plaintiff's application. *Id.* at 16. The Appeals Council vacated that decision and remanded the case to the ALJ for further proceedings. *Id.* On remand a further hearing was held in September 2003 and the ALJ again denied plaintiff's application. The Appeals Council denied review of that denial. *Id.* at 556.

On appeal to the district court, Magistrate Judge Gregory G. Hollows and District Judge Morrison C. England, Jr. held that the findings in the ALJ's final decision were supported by

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(a). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

substantial evidence. *Id.* at 573-74. The court denied plaintiff's motion for summary judgement and/or remand and granted the Commissioner's cross-motion for summary judgment, entering judgment for the Commissioner. *Id.* at 573-74.

Plaintiff appealed to the U.S. Court of Appeals for the Ninth Circuit which remanded the case on the basis of the "borderline age" category rule. *Id.* at 574-77. The Court wrote:

> An Administrative Law Judge ("ALJ") must consider whether an older age category would be more appropriate when "you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled." 20 C.F.R. § 404.1563(b). Schiel was fifty-four years and eleven months old on the date he was last insured. Under Medical-Vocational Guidelines Rule 202.02, a person one month older than Schiel with non-transferable skills or semi-skills would be deemed disabled. Since the grids might enable a finding of disability, the ALJ must consider application of the older age category. Additionally, *Swenson v. Sullivan,* 876 F.2d 683, 688 (9th Cir.1989), requires that the ALJ reject any vocational expert testimony inconsistent with the consideration required by the grids. *Id.* ("[T]he regulations [ ] require the Secretary to reject vocational testimony that is inconsistent with the grids' overall framework.").
>
> The hearing transcripts and ALJ decision do not reflect consideration of Schiel's borderline age status. Although the ALJ sought testimony of a vocational expert, he directed the expert not to consider age in his testimony. Moreover, the discussion section of the ALJ's decision makes no mention of 20 C.F.R. § 404.1563(b) or the claimant's one-month proximity to "person of advanced age" status under 20 C.F.R. § 404.1563(e). For these reasons, the record does not provide sufficient basis for review.
>
> We conclude that the other challenges by Schiel to the ALJ's findings are without merit. Substantial evidence supports the findings regarding mental impairments and residual functional capacity.

*Id.* at 574-77.

Following a post-remand third hearing, ALJ Thomas T. Tielens denied plaintiff's application. *Id.* at 556. ALJ Tielens entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 1999 . . .

2. The claimant did not engage in substantial gainful activity (SGA) during the period from his alleged onset date of June 1, 1994 through his date last insured of December 31, 1999 (20 CFR 404.1571 *et seq.*).

Claimant was born on January 26, 1945 and is 63 years old. He testified at the prior hearing on September 20, 2001 that he completed the eleventh grade . . . . Claimant worked as a security guard at a race track from 1988 to 1994 . . . . I find that claimant's past relevant work was as a security guard . . . .

3. Through the date last insured, the claimant had the following severe impairments: lumbar degenerative disc disease . . .; left shoulder injury in 1979, by history . . .; bipolar disorder; and paranoid personality disorder . . . (20 CFR 404.1521 *et seq.*).

. . .

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

. . .

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no work above shoulder level with regard to the non-dominant left upper extremity, and limited to 5 pounds occasional use of the left upper extremity below shoulder level, and able to do occasional stooping, crouching, kneeling and crawling, and mildly limited with regard to concentration, persistence and pace, and social interaction.

. . . I have reviewed the case to determine the application of 20 CFR 404.1563. I considered "whether to use the older age category after evaluating the overall impact of all the factors of [the] case." In doing this, I have concluded that the older age category is not appropriate.

. . .

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

. . .

7. The claimant was born on January 26, 1945 and was 54 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

4

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Par 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

In determining whether a successful adjustment to other work can be made, I must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines . . .

Through the date last insured, if the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.18 (age 18 to 49) and Rule 202.11 (age 50-54). However, the claimant's ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, through the date last insured, I asked the vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity . . .

. . .

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rules.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 1994, the alleged onset date, through December 31, 1999, the date last insured (20 CFR 404.1520(g)).

*Id.* at 559-66.

Plaintiff again requested review by the Appeals Council, which denied his request. *Id.* at

5

1  529-31.  Accordingly, this became the final decision of the Commissioner.

2  In the instant motion for summary judgment, plaintiff contends that the denial of his
3  disability benefits was erroneous because the ALJ failed to follow the order of remand from the
4  Ninth Circuit and failed to correctly apply the law regarding borderline age categories.  Dckt.
5  No. 17 at 5.

6  II.    STANDARD OF REVIEW

7  The Commissioner's decision that a claimant is not disabled will be upheld if the findings
8  of fact are supported by substantial evidence in the record and the proper legal standards were
9  applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);
10 *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,
11 180 F.3d 1094, 1097 (9th Cir. 1999).

12 The findings of the Commissioner as to any fact, if supported by substantial evidence, are
13 conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is
14 more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521
15 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to
16 support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*
17 *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

18 The ALJ is responsible for determining credibility, resolving conflicts in medical
19 testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
20 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational
21 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
22 *Thomas v. Barnhart*, 278  F.3d 947, 954 (9th Cir. 2002).

23 III.   ANALYSIS

24 The Ninth Circuit found that plaintiff was one month away from the older age category
25 on the date he was last insured, and a person in the older age category with non-transferable
26 skills or semi-skills would be deemed disabled.  AR 574-77.

Plaintiff contends that the ALJ failed to follow the Ninth Circuit's order to consider whether plaintiff should be considered in the older age category, as he failed to engage in a non-mechanical analysis. Dckt. No. 17 at 9. Plaintiff argues that "[t]he ALJ did not even mention the amount of days involved, the legislative intent or regulatory criteria for 'borderline situation,' nor the potential for a favorable outcome . . . . The required flexibility was not found; no reasons for non-flexibility were found." *Id.* at 9-10. Plaintiff further contends that the ALJ did not consider plaintiff's "non-exertional limitations" and how they affected the decision as to which age category to apply. *Id.* Finally, plaintiff contends that defendant bears the burden of proof on this issue. *Id.*

Defendant contends that the ALJ properly applied the Medical-Vocational guidelines ("Grids") and, surprisingly, contends that the ALJ was not required to use the next higher age category, Dckt. No. 18 at 5, notwithstanding the clear ruling to the contrary by the Ninth Circuit. Defendant argues that the ALJ's discussion of the evidence in the paragraphs preceding and following his conclusion regarding the age category provide the "necessary basis for his conclusion."[2] *Id.* at 7.

---

[2] A significant portion of defendant's brief seems to argue that plaintiff was not in a borderline age situation. *See* Dckt. No. 18 at 5, 6, 7 (citing *Russell v. Bowen*, 856 F.2d 81 (9th Cir. 1988) (holding that there was no borderline situation where the claimant was closer to age 59 than to age 60); *Crady v. Sec'y of Health and Human Servs.*, 835 F.2d 617 (6th Cir. 1987) (holding "that an ALJ committed no error by not finding a claimant who was one month from another age category to be in a borderline situation"). But the Ninth Circuit determined that plaintiff fell into a borderline age situation. That ruling is now law of the case and controls here. *Vizcaino v. United States District Court*, 173 F.3d 713, 718-19 (9th Cir.1999) ("The Supreme Court long ago emphasized that when acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate.... On remand, a trial court can only consider any issue not expressly or impliedly disposed of on appeal.... District courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.") Indeed, as the Ninth Circuit has explained, "litigants who have proceeded to judgment in higher courts should not be required to go through that entire process again . . . ." *Id.* at 719. The Court of Appeals concluded that this case presents an age borderline situation and the issue on remand was limited to what age category should apply given the borderline situation.

As the Ninth Circuit already explained, the borderline situation presented here is crucial to the outcome when one looks to the divergent results under the Grids for plaintiffs circumstances depending on which age category is applied. Under Guidelines Rule 202.02, a person of plaintiff's circumstances but one month older at the relevant date for last insured status would be found disabled. AR 574-77 ("Schiel was fifty-four years and eleven months old on the date he was last insured. Under Medical-Vocational Guidelines Rule 202.02, a person one month older than Schiel with non-transferable skills or semi-skills would be deemed disabled.").

The Grids are used "in cases which cannot be evaluated on medical considerations alone, where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work." 20 C.F.R. Part 404, Subpt. P, Appx. 2 § 200(a). The Grids "reflect the analysis of the various vocational factors (i.e., age, education, and work experience) in combination with the individual's residual functional capacity (used to determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work) in evaluating the individual's ability to engage in substantial gainful activity other than his or her vocationally relevant past work." *Id.*

The age categories are not to be applied "mechanically" in a borderline situation; if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [he/she is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 C.F.R. §§ 404.1563(b), 416.963(b).

Here, the Ninth Circuit specifically directed the Commissioner to consider whether to apply the older age category in this case. The ALJ wrote: "I have reviewed the case to determine the application of 20 CFR 404.1563. I considered 'whether to use the older age category after evaluating the overall impact of all the factors of [the] case.' In doing this, I have

8

concluded that the older age category is not appropriate." AR 563. The ALJ gave no reasons for his decision not to apply the older age category.

While the Ninth Circuit has not addressed to what extent an ALJ must give factual justifications for his decision to apply an age category in a borderline age situation, the factual issue is not unlike any other key factual finding. It must be supported by substantial evidence in the record. Thus, the Tenth Circuit provides the following guidance:

> The Commissioner must determine based on whatever evidence is available which of the categories on either side of the borderline best describes the claimant, and the Commissioner may apply that category in using the grids. Like any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence.

*Daniels v. Apfel*, 154 F.3d 1129, 1135 (10th Cir. 1998) (remanding for a determination of whether a plaintiff who was sixty-five days short of the advanced age category should have been considered in that age category). *See also Kane v. Heckler*, 776 F.2d 1130, 1132-34 (3d Cir. 1985) (remanding a claimant's case for further consideration where the ALJ did not address 20 C.F.R. § 404.1563(b) and did not consider which age category best suited the borderline claimant). Moreover, where the factual finding is determinative of the outcome it must be explained. While not unanimous, other district courts to consider the issue have similarly concluded that an ALJ must explain his choice of age category in a borderline situation. *Russell v. Comm'r of Soc. Sec.*, 20 F. Supp.2d 1133, 1135-36 (W.D. Mich. 1998) ("The ALJ's failure to explain his choice of age category in a borderline situation both impedes judicial review of the ALJ's application of 20 C.F.R. § 404.1563(a) and appears to violate 20 C.F.R. § 404.953, which requires that decisions include 'findings of fact' and 'reasons for the decision.'"). *See also Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1169 (W.D. Tenn. 2002) (holding that "[t]he ALJ's failure to address the borderline issue and to explain his choice of age category under the circumstances of this case impede this court's ability to review his application of § 404.1563(a) and may indeed violate 20 C.F.R. § 404.953, which requires the ALJ to include in

his decision findings of fact and reasons for his conclusions"); *but see Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 396 (6th Cir. 2008) (finding that the ALJ was not required "to address age categorization explicitly in borderline situations" but also stating that "substantial evidence might be lacking where an ALJ, with no explanation, places a claimant in the "younger individual" age category who is 49 years and 11 months, unskilled, sedentary, barely literate, and whose only previous work experience was in the fishing industry").

The court finds that the ALJ's conclusion in this case that the older age category did not apply is not supported by substantial evidence. Contrary to the dictates of 20 C.F.R. § 404.953, the ALJ failed to provide reasons for his conclusion. While the ALJ recited, quoting from the Ninth Circuit remand, that he had considered "whether to use the older age category after evaluating the overall impact of all the factors of [the] case," his opinion contains no indication of what those factors were or how evidence in the record supports the decision.

Defendant urges the court to infer that the paragraphs preceding and following the ALJ's conclusion regarding the age category provide the "necessary basis for his conclusion." The ALJ's statement that he considered the borderline age issue appears in section five of his opinion, which discusses the determination of plaintiff's residual functional capacity, rather section seven of his opinion, which states only that "[t]he claimant was born on January 26, 1945 and was 54 years old, which is defined as an individual closely approaching advanced age." *Id.* at 564. In the paragraphs preceding and following his conclusion not to apply the older age category, the ALJ discussed plaintiff's lack of credibility and evidence pertaining to the determination of his residual functional capacity. *Id.* at 561-64. Defendant fails to explain how these paragraphs support the ALJ's conclusion that although the plaintiff was one month away from the older age category on the date he was last insured, he should be considered at the younger age rather than the age at which he would have been found disabled.

Plaintiff argues that it is within this court's discretion to award benefits rather than remanding the case for further proceedings. Dckt. No. 17 at 11-12. *See Terry v. Sullivan*, 903

F.2d 1273, 1280 (9th Cir. 1990) (invoking the court's discretion to order payment of benefits instead of remanding the case for further development of the record given the "exceptional facts of the case" and that it was "highly doubtful that the secretary would be able to sustain his burden . . . [on] remand"). However, plaintiff fails to show that an award of benefits rather than remand would be appropriate. Notwithstanding the prior remand to develop a record on the question, the court still lacks a record from which it can be determined whether plaintiff is entitled to be considered in the older age category, and thus to receive benefits. Accordingly, the case must be remanded under sentence four of 42 U.S.C. § 405(g) for further findings.

IV. CONCLUSION

The ALJ's conclusion that plaintiff did not fall into an older age category was not supported by substantial evidence. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment and/or remand be granted in part and denied in part;

2. The Commissioner's cross-motion for summary judgment be denied;

3. This action be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order; and

4. The Clerk be directed to enter judgment for plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11