UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ARTHUR SCHIEL,

        Plaintiff,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

NO. 2:09-cv-1416 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Michael J. Astrue's motion to alter or amend the judgment entered on October 1, 2010, pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff opposes the motion. For the reasons set forth below,[1] defendant's motion to alter or amend judgment is GRANTED.

**BACKGROUND**

The court adopts the factual and procedural background set forth by the magistrate judge in his findings and

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1

recommendations.  (See Finding & Recommendations ("F&R"), filed Aug. 16, 2010, at 1-6.)

**ANALYSIS**

Defendant moves to alter or amend the court's October 1, 2010 judgment on the basis of the Ninth Circuit's decision in Lockwood v. Commissioner Social Security Administration, 616 F.3d 1068 (9th Cir. 2010).  Plaintiff opposes the motion, asserting that the Ninth Circuit's decision in Lockwood does not apply to this case.[2]

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within twenty-eight days of entry of judgement.  See American Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe. R.R Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citing McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)).  A motion to amend judgment may be granted

---

[2] Plaintiff also asserts that the Ninth Circuit's decision in Lockwood is not final due to a pending petition for rehearing.  On December 6, 2010, the petition for panel rehearing and rehearing en banc was denied.

1 where: (1) the court is presented with newly-discovered evidence;
2 (2) the court committed "clear error or the initial decision was
3 manifestly unjust"; or (3) there is an intervening change in the
4 controlling law.  <u>School Dist. No. 1J, Multnomah County</u>, 5 F.3d
5 at 1263; <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734, 740 (9th
6 Cir. 2001).

7     In <u>Lockwood</u>, the Ninth Circuit addressed "whether an
8 administrative law judge ("ALJ") erred when she failed to explain
9 in her written decision why she treated a social security
10 disability benefits claimant as being a person closely
11 approaching advanced age instead of treating the claimant as
12 being a person of advanced age."  616 F.3d at 1069.  The court
13 noted that by regulation, an ALJ is required to *consider* whether
14 use an older age category in a borderline situation.  <u>Id.</u> at
15 1070.  The court also noted that the ALJ had satisfied this
16 requirement by acknowledging that the claimant was closely
17 approaching advanced age, citing the relevant regulation
18 regarding appropriate evaluation of which age category to apply,
19 and evaluating the overall impact of all the factors in the
20 claimant's case by relying on the testimony of a vocational
21 expert.  <u>Id.</u> at 1071-72.  The <u>Lockwood</u> court concluded that such
22 consideration was sufficient and that there was no "obligation to
23 make express findings incorporated in the ALJ's opinion."  <u>Id.</u> at
24 1073.

25     The Ninth Circuit's decision in <u>Lockwood</u> is an intervening
26 change in the law that warrants reconsideration of the court's
27 order adopting the magistrate judge's findings and
28

3

recommendations.[3] In this case, the magistrate judge recommended that plaintiff's motion for summary judgment be granted in part and denied in part and that the case be remanded to the Commissioner of Social Security on the basis that the ALJ failed to provide in his written opinion the reasons for his conclusion that the older age category did not apply. (F&R at 10.) However, <u>Lockwood</u> holds that such a written explanation is not required. As in <u>Lockwood</u>, the ALJ in this case acknowledged that plaintiff was closely approaching advanced age. As in <u>Lockwood</u>, the ALJ in this case also cited 20 C.F.R. § 404.1563, which provides that an ALJ cannot apply age categories mechanically in a borderline situation. Finally, as in <u>Lockwood</u>, the ALJ evaluated the overall impact of all the factors in plaintiff's case by relying on the testimony of a vocational expert before finding that plaintiff was not disabled. Accordingly, as in <u>Lockwood</u>, the record reflects that the ALJ *considered* whether to use the older age category.[4] Therefore, there is no basis to remand the action to the Commissioner for further proceedings.

**CONCLUSION**

For the foregoing reasons, defendant's Rule 59(e) motion to alter or amend judgment is GRANTED. In light of the Ninth

---

[3] The court concludes that the Ninth Circuit's decision is intervening as it was filed on August 16, 2010, the same date that the magistrate judge issued the findings and recommendations.

[4] The court also notes that to the extent the Ninth Circuit has concluded that these references demonstrate appropriate consideration of whether to use the older age category, these references are also sufficient to provide "a sufficient basis for review" as required by its remand order in this case.

4

1  Circuit's decision in Lockwood, plaintiff's motion for summary
2  judgment and/or remand is DENIED, and defendant's cross-motion
3  for summary judgment is GRANTED.  The Clerk of Court is directed
4  to close this case.
5       IT IS SO ORDERED.
6  DATED: December 8, 2010

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

5